07WF17010a-ord(Suggestion-of-Remand).wpd

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re: Welding Fumes** | |
| **Products Liability Litigation** | **MDL No. 1535** |

**SUGGESTION OF REMAND**

*Jowers v. Airgas-Gulf States, Inc.*, **case no. 1:07-WF-17010-KMO (N.D. Ohio)**
(originally case no. 1:06-CV-01187 (S.D. Miss.); transferred pursuant to CTO-47)

**REQUEST FOR EXPEDITED HEARING**

On January 11, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") docketed Conditional Transfer Order 47 ("CTO-47"), thereby transferring the above-entitled action ("*Jowers*") to the undersigned for coordinated or consolidated pretrial proceedings.[1] For the reasons stated below, and pursuant to Rule 7.6(c)(ii) of the Rules of Procedure of the JPML, the undersigned transferee judge now suggests that *Jowers* be **remanded** to the transferor court, the United States District Court for the Southern District of Mississippi.

In addition, due to certain time constraints explained below, the undersigned respectfully requests an expedited ruling from the JPML.

---

[1] On January 29, 2007, the JPML lifted the automatic stay on CTO-47, and the Order was filed in the District Court for the Northern District of Ohio on February 5, 2007.

**BACKGROUND**

Global discovery in this MDL has been largely completed, and the undersigned (also, "the Court") has conducted two bellwether trials.[2] On May 1, 2007, lead counsel for MDL plaintiffs requested that the Court designate *Jowers* as the next bellwether case and, further, that the case be remanded to the Mississippi transferor court for trial.[3] Plaintiffs' lead counsel also suggested that the undersigned seek temporary appointment to the District Court for the Southern District of Mississippi, for the purpose of presiding over the trial of *Jowers*, after remand.[4]

The defendants objected to plaintiffs' designation of *Jowers* as a bellwether trial, both because defendants believed that all additional MDL bellwether trials should be randomly selected, and because defendants believed that all bellwether trials should be conducted in the Northern District of Ohio.[5] Defendants suggested, accordingly, that the Court either designate a case other than *Jowers* using random selection, or require Jowers to waive any objection to venue in the transferee court and agree to trial in Cleveland, Ohio. The defendants did indicate, however, that *if* the Court chose to designate *Jowers* as a bellwether case, and *if* the JPML remanded *Jowers* to the Southern District of Mississippi for trial, then defendants joined plaintiffs' request that the undersigned preside over that trial, via temporary appointment to the Southern District of Mississippi.

---

[2] In addition, the undersigned has presided over four other bellwether cases that were set for trial but ultimately were not tried.

[3] *See* exhibit A (email dated May 1, 2007 from Don Barrett, Plaintiffs' Lead Counsel, to David R. Cohen, Court-Appointed Special Master in the *Welding Fume* MDL).

[4] *Id.*

[5] *See* exhibit B (letter dated May 15, 2007 from John Beisner, Defendants' Lead Counsel, to the undersigned).

After considering the parties' positions, the Court granted in large part plaintiffs' request to designate *Jowers*. Specifically, on May 18, 2007, the Court informed the parties by telephone that it had decided to schedule three (not just one) additional bellwether trials: (1) a trial to begin on November 5, 2007, in Cleveland, Ohio, of a case to be selected by plaintiffs from a group of 100 cases previously designated randomly by the Court for early case-specific discovery; (2) trial of the *Jowers* case, to begin on January 28, 2008, in the Southern District of Mississippi (assuming remand by the JPML); and (3) a trial to be scheduled, beginning in the spring or summer of 2008, of a case that the Court would randomly select after the *Jowers* case is completed. The Court then gave the plaintiffs 10 days to identify a case for the November, 2007 trial slot; on May 29, 2007, plaintiffs chose a case known as *Tamraz*.[6]

On June 6, 2007, the Court entered an Order ("*Bellwether Order*") confirming the choices of *Tamraz* and *Jowers* as bellwether trials, and documenting their trial dates.[7] As explained in the *Bellwether Order*, the Court concluded that *Jowers* was among those cases that best served the purposes contemplated by the Court's "bellwether" designation, and that trial of the *Jowers* case – even in a remote District – would serve well to advance the resolution of the MDL as a whole. The Court then ordered the parties in both *Tamraz* and *Jowers* to complete all case-specific discovery and to otherwise make the cases trial-ready as of the dates designated.[8]

In addition, over the next several months, the undersigned pursued and obtained temporary

---

[6] *Tamraz v. Lincoln Elec. Co.*, case no. 04-CV-18948 (N.D. Ohio).

[7] *See* exhibit C (*Bellwether Order*, MDL master docket no. 2043).

[8] As of the date of this Suggestion, having undertaken efforts at making *Jowers* trial-ready, the defendants no longer object to the choice of *Jowers* for trial; but, as noted below, they do continue to object to trial of *Jowers* in Mississippi.

3

assignment to the Southern District of Mississippi, for the purpose of presiding over the trial of *Jowers* after remand. Specifically, pursuant to 28 U.S.C. §292, the undersigned obtained formal approvals for temporary assignment to the Southern District of Mississippi from: (1) Chief Justice John G. Roberts, Jr.; (2) Fifth Circuit Court of Appeals Chief Judge Edith Jones; (3) Sixth Circuit Court of Appeals Chief Judge Danny Boggs; and (4) the Chairman of the Judicial Conference Committee on Inter-Circuit Assignments.[9]

In sum, as of today, the great bulk of pretrial proceedings in *Jowers* has been completed; and, by virtue of the above-described temporary judicial assignment, the undersigned will ensure that any remaining pretrial proceedings are completed before the anticipated trial date of January 28, 2008, should the JPML order remand to the transferor court.

For these reasons, the just and efficient handling of this matter will best be served by the remand of this action to the United States District Court for the Southern District of Mississippi, from which it was originally transferred.

**VENUE ISSUES**

The only fact that potentially complicates the JPML's decision regarding this Suggestion of Remand arises from an amended pleading filed by plaintiffs. Plaintiffs filed this amended pleading after the Court informed the parties of its intention to: (1) seek remand of *Jowers* to the transferor court, and (2) procure designation to preside over that action, following remand by the JPML.

Specifically, on June 5, 2007, plaintiff Jowers filed a second amended complaint, which

---

[9] *See* exhibit D (Designation and Assignment of an Active United States Judge for Service in Another Circuit, dated October 23, 2007).

dropped 14 of the defendants listed in the prior complaint. In addition, the second amended complaint alleged that venue was proper in the Northern District of Ohio, rather than Mississippi. In a third amended complaint, which added a defendant, Jowers repeated this Ohio venue allegation. Previous to the filing of these amended complaints, Jowers had consistently maintained in correspondence and other documents filed with the MDL court that venue was and is proper only in Mississippi, and that he did not intend to waive Mississippi venue.

On October 1, 2007, the Court informed the parties that the undersigned had received informal notification that all necessary approvals for temporary assignment to the Southern District of Mississippi, to preside over the *Jowers* trial, were forthcoming.[10] On October 3, 2007, some of the defendants filed a motion to withhold suggestion of remand,[11] relying on Jowers' apparent waiver of venue in his second and third amended complaints. This document was the first time any party pointed out to the Court that Jowers had changed his venue allegations. In their motion, the moving defendants asked the Court to order that *Jowers* be tried by the undersigned in the Northern

---

[10] *See* exhibit E (email dated October 2, 2007, from *Welding Fume* Special Master to various counsel in MDL and in *Jowers*, confirming conversation of October 1, 2007).

[11] *See* exhibit F (*Jowers* docket no. 84). Notably, the motion to withhold suggestion of remand was filed by only 6 of the 18 defendants listed in Jowers' third amended complaint (referred to hereinafter as "moving defendants"). Of the other 12 defendants, 9 *denied* Jowers' new allegation of Ohio venue, 2 more denied the allegation for want of knowledge, and 1 did not answer. Thus, according to their pleadings, less than half of all defendants named in Jowers' third amended complaint believe that trial of the case should occur in the Northern District of Ohio.

On November 7, 2007, several hours after this point was noted by Jowers' counsel during the final hearing on this matter, counsel for the moving defendants notified the Court that he had contacted the other defendants and obtained their agreement to waive any objections to trying *Jowers* in Cleveland. Counsel for moving defendants did not contend that this late change in the other defendants' position, as compared with the written allegations in their pleadings, was anything other than a decision to change their *substantive* view of this venue issue – that is, there is no claim that the initial objections to venue in the other defendants' answers to Jowers' third amended complaint had been made in error.

District of Ohio, instead of the Southern District of Mississippi. As moving defendants pointed out, there is authority for the proposition that, despite the rule established in *Lexecon*,[12] a party to an MDL may be deemed to have waived any objection to trial in the transferee court if, by words and/or actions, the party indicates a clear intention to consent to trial in that district. *See, e.g., In re: Carbon Dioxide Industry Antitrust Litig.*, 229 F.3d 1321, 1326 (11th Cir. 2000) ("*Carbon Dioxide*") (affirming transferee court's refusal to suggest remand of an MDL case, because plaintiffs had stipulated to venue in the transferee court and did not attempt to retreat from that stipulation until the day of trial; plaintiffs' emergency motion to remand, filed with the JPML on the eve of trial in the transferee court, was later denied as moot); *In re: African-American Slave Descendants Litig.*, 471 F.3d 754, 755 (7th Cir. 2006) ("*Slave Descendants*") (concluding that plaintiffs' filing of a consolidated amended complaint, which did not object to venue in the MDL transferee court, authorized the transferee court to rule on the merits of the lawsuit, "notwithstanding" *Lexecon*; citing *Carbon Dioxide*).

Having studied carefully the moving defendants' position and the cases they cite in both their motion to withhold suggestion of remand and in their reply brief,[13] however, the Court finds clearly distinguishable the circumstances at issue here from those at issue in either *Slave Descendants* or *Carbon Dioxide*. In *Slave Descendants*, all parties apparently agreed that the written waiver of venue in the consolidated amended complaint was intentional, and no waiving-plaintiff ever requested remand. In *Carbon Dioxide*, the waiver of venue was repeatedly reaffirmed in various

---

[12] *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

[13] *See* exhibit G (*Jowers* docket no. 130) (moving defendants' reply in support of motion to withhold suggestion of remand, and response to Jowers' motion to amend complaint nunc pro tunc).

filings and oral arguments, documented through a stipulation memorialized by court order, and remained unquestioned until the first day of trial. Here, in contrast, until filing his second amended complaint on June 5, 2007, plaintiff Jowers had always asserted clearly and unequivocally his right and intention to seek remand to the transferor district when appropriate. Indeed, it was Jowers' insistence on trial in the Southern District of Mississippi, as reflected in exhibit A, that prompted moving defendants' initial objections to the selection of *Jowers* as a bellwether case, and it is what prompted the undersigned to go through the arduous process of obtaining designation to act as trial judge in that remote District. And, at least until last evening, the defendants in *Jowers* were not even close to unanimous in their position that venue is appropriate in the Northern District of Ohio.[14]

As reflected in plaintiffs' November 2, 2007 motion to amend complaint nunc pro tunc,[15]

---

[14] *See* footnote 11, above.

[15] *See* exhibit H (*Jowers* docket no. 123).
*See also* exhibit I (*Jowers* docket no. 111) (Jowers' opposition to moving defendants' motion to withhold suggestion of remand). In exhibit I, Jowers advocated that, if the Court concluded it could not suggest remand pursuant to 28 U.S.C. §1407, it should transfer the case to the Southern District of Mississippi pursuant to 28 U.S.C. §1404. The Court concluded, however, that a §1404 transfer is not allowed. *See Lexecon*, 523 U.S 41 n.4 ("Because we find that the statutory language of §1407 precludes a transferee court from granting any §1404(a) motion, we have no need to address the question whether §1404(a) permits self-transfer given that the statute explicitly provides for transfer only 'to any other district.'"); *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 2005 WL 1528946 at *1 (W.D. Wash. June 24, 2005) ("The court concludes that given the language of 28 U.S.C. §1407(a) and the Supreme Court's *Lexecon* opinion, it does not have the authority to rule on any motion to transfer a case under 28 U.S.C. §1404(a)."); *In re: Bridgestone/Firestone, Inc.*, 190 F.Supp.2d 1125, 1146 n.31 (S.D. Ind. 2002) ("transfer to a possibly more appropriate federal court under 28 U.S.C. §1404 appears to be beyond our power at this point") (citing *Lexecon*).
  If the Court were to consider whether a §1404(a) transfer is appropriate, the Court would conclude that, after weighing all relevant factors, the sum of those factors clearly preponderates in favor of transfer. The moving defendants note correctly that the fact that *Jowers* is part of a larger MDL proceeding in the Northern District of Ohio weighs against transfer, and does lessen the strength of some of the factors upon which parties traditionally rely under §1404(a); but, ultimately, the Court does not find that the "MDL overlay" to this inquiry would change the Court's final calculus.

7

moreover, where plaintiffs seek to reinstate the venue allegations from the original *Jowers* complaint, plaintiffs assert that the references to venue in the Northern District of Ohio that appear in the second and third amended complaints resulted from scrivener's error; and, after a hearing on the issue, the undersigned found plaintiffs' assertion to be well-taken.[16] Specifically, this Court found that Jowers did not intend to, and did not in fact, waive Mississippi venue by including the

---

[16] Jowers' counsel avers, in an affidavit, that: (1) the Ohio venue allegations contained in the second and third amended complaints were "cut and pasted" from another Mississippi plaintiff's amended complaint, using word processing software; (2) Jowers did not authorize and counsel did not intend to change the venue allegation in *Jowers* from Mississippi to Ohio; and (3) the scrivener's error arises because Plaintiffs' lead counsel in this MDL represents many hundreds of plaintiffs. The Court finds these averments credible and that they provide an appropriate basis upon which to allow plaintiffs to cure their error. Other courts have reached the same conclusion in highly similar circumstances. *See Schillinger v. Union Pacific Railroad Co.*, 425 F.3d 330, 333 (7th Cir. 2005) (affirming the district court's remand of the case to state court, where federal subject matter jurisdiction depended on whether a particular defendant ("UPC") was added properly in an amended complaint, ruling: "plaintiffs' counsel filed an affidavit in which he explained that his staff used the original complaint as a word processing template in drafting the amended complaint and failed to notice that this resulted in the incorporation of the old caption and introductory allegations into the amended complaint. The district court acted within its discretion in finding that UPC's inclusion [as a defendant] in the amended complaint was a clerical error, that plaintiffs had no intention of bringing UPC back into the litigation, and that UPC was in fact not a new party to the suit.").

Ohio venue allegation in his second and third amended complaints.[17]

Having found no intentional waiver of venue, the undersigned believes this case falls squarely within the rule of *Lexecon*, which mandates remand for trial upon completion of all pretrial matters within the jurisdiction of the transferee court.[18]

**REQUEST FOR EXPEDITED RULING**

Since June 6, 2007 – the date of the Court's *Bellwether Order* designating *Jowers* for trial – the parties, their counsel, the undersigned, and the Judges and staff of the Southern District of

---

[17] In so ruling, the Court found factually distinguishable the case cited by moving defendants, *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp.2d 203 (S.D.N.Y. 1998). In *Orb Factory*, the plaintiff alleged a certain venue in its complaint, and defendant DST did not object via Rule 12 motion or in its answer. "[O]ver one full year" later, DST then claimed, *for the first time*, that its failure to object to venue was a mistake; and the basis for the alleged mistake was DST's own counsel's false assumption regarding postal addresses – not scrivener's error. *Id.* at 207. In this case, in contrast: (1) Jowers' *initial pleading* asserted venue was proper in Mississippi, and he reiterated his continuing desire to adhere to that venue assertion as recently as May 18, 2007; (2) the period between Jowers' subsequent allegation of Ohio venue and his request to amend his complaint to correct this allegation was only five months; (3) the Court found credible Jowers' counsel's affidavit that the Ohio venue allegation was scrivener's error, and not the product of any dilatory motive; (4) the period between Jowers' actual discovery of the scrivener's error and the request to amend was only one month; and, most important, (5) given that the Court's grant of Jowers' motion to amend complaint nunc pro tunc merely returned circumstances to their status as of June 6, 2007 (the date of the Court's *Bellwether Order*), moving defendants could point to no undue prejudice.

[18] As noted above, there are some final case-specific pretrial matters in *Jowers* that are yet to be resolved. That fact arises from the way this MDL has been structured by both the Court and the parties. Thus, while matters pertinent to all cases (including complex rulings under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and generally-applicable dispositive motions) were handled prior to commencement of any bellwether trials, *case-specific* dispositive motions and motions in limine are handled just prior to the commencement of the trial of the case to which those motions apply. Because the undersigned will be the one both deciding all case-specific motions in *Jowers* and also presiding over trial of the case, the fact that these additional pretrial matters remain should not delay remand of this action.

Mississippi, have all been working hard to ensure the *Jowers* trial begins on the scheduled date of January 28, 2008 (or as soon thereafter as the JPML may authorize).

So that this trial date may be accommodated, the undersigned requests that the JPML consider this matter on an expedited basis, with an expedited briefing schedule and telephonic hearing, if a hearing is deemed necessary.

**CONCLUSION**

For all the reasons stated above, the undersigned concludes that the just and efficient handling of *Jowers* will best be served by remand of the action to the United States District Court for the Southern District of Mississippi, from which it was originally transferred.

The undersigned appreciates the JPML's timely consideration of this matter and remains available to provide to the JPML additional information in support of this Suggestion, as needed.

> Respectfully submitted,
>
> /s/ Kathleen M. O'Malley
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**
> **(MDL TRANSFEREE COURT)**

**DATED**: November 8, 2007